CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

FEB 10 2011

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ZHENLI YE GON,<br>13021 James Madison Highway<br>Orange, Virginia 22960<br><br>   Petitioner,<br><br>v.<br><br>ERIC HOLDER, JR., Attorney General of<br>the United States, HILLARY RODHAM<br>CLINTON, United States Secretary of<br>State, GERALD S. HOLT, U.S. Marshal<br>for the Western District of Virginia, and<br>FLOYD AYLOR, Warden of the<br>Central Virginia Regional Jail,<br><br>   Respondents. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 7:11-CV-00060<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION FOR HABEAS CORPUS

COMES NOW Petitioner ZHENLI YE GON, by and through undersigned counsel, respectfully petitions this Honorable Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 and 2243, and such declaratory and injunctive relief as warranted to remedy the current, prospective and unlawful detention of his person now called for by a Certificate of Extraditability and Order of Commitment, issued on February 7, 2011, and to enjoin the Respondents from further violating his constitutionally guaranteed rights by extraditing him to Mexico. In support hereof, Petitioner states and avers as follows:

(1)

Petitioner is a citizen of Mexico who entered the United States legally, but who is currently detained within the United States, held at the Central Virginia Regional Jail in Orange,

1

Virginia, in the Western District of Virginia, based on a request of the Mexican government through the United States Department of Justice, for his extradition to Mexico.

(2)

This Court has jurisdiction under 28 U.S.C. § 2241 *et seq.* and 28 U.S.C. § 1331.

(3)

Collateral review of a magistrate judge's or district judge's order of extradition is available through habeas corpus review. *Collins v. Miller*, 252 U.S. 364, 369-70 (1920).

(4)

Mr. Ye Gon is a native of China and a citizen of Mexico. He was found extraditable to Mexico and ordered to remain in custody in a Certificate of Extraditability and Commitment Order, issued on February 7, 2011, by the Honorable John M. Facciola, United States Magistrate Judge in the United States District Court for the District of Columbia.

(5)

Mr. Ye Gon has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of judicial action. Specifically, it was ordered that the United States Government's request for finding of extraditability be granted. The U.S. District Court for the District of Columbia's Magistrate Judge further ordered that a certified copy of his Certificate of Extraditability and Order of Commitment be forwarded by the clerk of court to the United States Secretary of State, and that Mr. Ye Gon remain in the custody of the United States Marshal.

(6)

No prior application for a writ of habeas corpus has been filed in this case.

(7)

The United States Magistrate Judge was required to make the following findings before signing an extradition certification:

(a) The judicial officer is authorized to conduct the extradition proceeding;

(b) the court has jurisdiction over the fugitive,

(c) the applicable treaty is in full force and effect,

(d) the crimes for which surrender is requested are covered by the applicable treaty, and

(e) there is sufficient evidence to support a finding of probable cause as to each charge for which extradition is sought.

(8)

On February 7, 2011, the Honorable John M. Facciola made such findings.

(9)

Mr. Ye Gon submits that that Magistrate Judge Facciola's issued Findings of Fact and Conclusions of Law were legally erroneous, and that in fact:

(a) the judicial officer was not legally authorized to conduct the extradition proceeding, since constitutional issues had been raised therein;

(b) the court did not have proper jurisdiction over Mr. Ye Gon, since he had been arrested in the District of Maryland, rather than in the District of Columbia, and in fact had never voluntarily appeared in the District of Columbia,

(c) while the applicable treaty was in full force and effect, its provisions did not legally support Mr. Ye Gon's extradition in this case, for reasons described in detail in the various filings made by Mr. Ye Gon in his extensive extradition proceedings,

(d) the crimes for which surrender was requested were not covered by the applicable treaty, for reasons set forth at length in the extensive memoranda filed in Mr. Ye Gon's extensive extradition proceedings, and

(e) there was not sufficient evidence to support a finding of probable cause as to each charge for which extradition is sought.

(10)

In addition, Mr. Ye Gon was also previously prosecuted in the United States, but his U.S. criminal charges were dismissed with prejudice. Mr. Ye Gon therefore also specifically submits that his continued detention and extradition to Mexico are illegal, under the legal doctrine of *non bis in idem,* a legal principle of extradition jurisprudence with similarities to double jeopardy;

(11)

Petitioner prays that this Honorable Court allow Petitioner to supplement this Petition if necessary.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays for this Court to immediately halt his extradition to Mexico and that Petitioner be allowed to remain in these United States;

WHEREFORE, Petitioner also prays that a Writ of Habeas Corpus shall be issued, directed to the Respondents, requiring them to show cause why Petitioner should not remain in the United States and avoid extradition to Mexico;

WHEREFORE, Petitioner prays that this Court declare the following:

(a) the judicial officer who issued Mr. Ye Gon's Certificate of Extraditability was not legally authorized to conduct the extradition proceeding and issue that Order;

(b) the United States District Court for the District of Columbia did not have proper jurisdiction over Mr. Ye Gon,

(c) while the applicable treaty was in full force and effect, its provisions do not legally justify Mr. Ye Gon's extradition in this case,

(d) the crimes for which surrender was requested are not covered by the applicable treaty, and are barred by the legal doctrine of dual criminality, and

(e) there was not sufficient evidence to support a finding of probable cause as to each charge for which extradition is sought.

WHEREFORE, Petitioner prays that this Honorable Court allow Petitioner to supplement this petition if necessary.

Respectfully submitted,

John C. Lowe (Virginia State Bar No. 7726)
John Lowe, P.C.
5920 Searl Terrace
Bethesda, MD 20816
Telephone: (301) 320-3300
Email: johnlowe@johnlowepc.com

Gregory S. Smith (D.C. Bar #472802)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C. 20003
Telephone: (202) 460-3381
Email: gregsmithlaw@verizon.net

*Counsel for Petitioner*