CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 24 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ZHENLI YE GON, | ) | Civil Action No. 7:11-cv-00060 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ERIC HOLDER, JR., <u>et al.</u>, | ) | By: Hon. James C. Turk |
|     Respondents. | ) | Senior United States District Judge |

Zhenli Ye Gon, a federal detainee proceeding with counsel, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner challenges the judicial decision certifying his extradition to Mexico. Although this matter is before the court for preliminary review,[1] both parties filed pleadings debating the appropriate respondents and the court's jurisdiction. For the reasons that follow, the court finds that, while it has jurisdiction over the matter, venue is best placed with the United States District Court for the District of Columbia and transfers the action.

I.

Relevant judicial records reveal the following facts. In 2007, the United States charged petitioner with conspiring to aid and abet the manufacture of methamphetamine while knowing or intending of it being imported into the United States. DEA agents arrested petitioner on July 23, 2007, at the beginning of the criminal action, and an agent of the United States Marshal's Service signed the executed arrested warrant on July 24, 2007. The Honorable Emmet Sullivan, District Judge of the United States District Court of the District of Columbia ("D.C. District Court") arranged for petitioner to be transferred from the District of Columbia Jail, where he had

---

[1] See Rules 1(b), 4 of the Rules Governing § 2254 Cases.

been since after his arrest, to the Central Virginia Regional Jail ("Jail") in Orange, Virginia,[2] and noted that "thanks goes to [Mr. Marshal] of the Marshal Service for doing that." United States v. Gon, No. 1:07-cr-00181 (D.D.C. June 2, 2009) (Hr'g Tran 71:23-25 -- 72:1-3). Petitioner's criminal-defense counsel subsequently complained that security procedures at the Jail only allowed petitioner one box of discovery materials[3] at a time and he wanted Judge Sullivan to allow petitioner access to all necessary documents to prepare his defense. When Judge Sullivan asked whether the Jail is a local or federal facility, counsel stated, "It's a Virginia jail . . . but [it's] under contract to the marshals, so perhaps there's the hook." Id. at 72:23-25 – 73:1. On August 31, 2009, Judge Sullivan dismissed the criminal action with prejudice. Gon, No. 1:07-cr-00181 (Aug. 31, 2009, dismissal order).

However, petitioner remains incarcerated although he was never convicted of any offense. During the pendency of the criminal action, the United States sought to keep petitioner incarcerated to facilitate his extradition to Mexico, which will prosecute him for alleged violations of Mexican drug and firearm laws. The United States filed its "complaint for arrest" in September 2008 in the D.C. District Court, which was assigned to Magistrate Judge John M. Facciola. After more than two years of proceedings, the Magistrate Judge entered petitioner's commitment order and certified his extraditability to the Secretary of State. In the matter of the extradition of Zhenly Ye Gon, No. 1:08-mc-00596 (D.D.C. Feb. 9, 2011) (Certificate of Extraditability and Commitment Order). The commitment order stated that petitioner would

---

[2]Orange is located less than 90 miles from the D.C. District Court. Roanoke, the city and division where this matter is pending and where all four respondents' counsel are located, is nearly 150 miles from Orange.
[3]The discovery involved in the criminal action involved more than 25,000 pages of documents in both Spanish and English and many DVDs of data.

"remain committed to the custody of the United States pending final disposition of this matter by the Secretary of State and [his] surrender" to Mexican authorities. (Id. 2.)

After the Magistrate Judge certified petitioner's extraditability, petitioner's habeas counsel promptly filed the instant habeas petition in this court, naming as respondents Eric Holder, Jr., United States Attorney General; Hillary Rodham Clinton, United States Secretary of State; Gerald S. Holt, United States Marshal for the Western District of Virginia; and Floyd Aylor, Warden of the Jail. Petitioner named Warden Aylor because petitioner is physically located within the Warden's facility. Petitioner named Marshal Holt "since he is being held subject to a federal extradition warrant" and "remains in the custody of the United States[.]" (Pet'r's Reply (no. 13) 6, 7.) Although petitioner is physically present in the Western District of Virginia, Marshal Holt informed counsel that his "client is currently in the custody of the U.S. Marshal for the District of Columbia, not in the custody of this district." (Letter (no. 14-1) 1.) Upon receipt of this information, petitioner started a duplicate habeas action in the D.C. District Court. Gon v. Sloane, et al., No. 1:11-cv-00860 (D.D.C. May 2011).

II.

An extradition ruling is not directly appealable because it is not a "final order"; instead, one challenges an extradition ruling by filing a petition for a writ of habeas corpus. Eain v. Wilkes, 641 F.2d 504, 508 (7th Cir. 1981) (citing Collins v. Miller, 252 U.S. 364, 369 (1920)). The writ of habeas corpus is an available remedy for a person held in custody "under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." Id. § 2241(a). See Wales v. Whitney, 114 U.S. 564, 574 (1885) ("The writ of habeas corpus does not act upon the

3

prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"). Accordingly, this court has jurisdiction via § 2241 to consider the petition because petitioner is presently incarcerated in this district pursuant to the commitment order of the United States Magistrate Judge and can issue the writ in this district against Warden Aylor.

In Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), the Supreme Court recognized that more than one federal district court may exercise jurisdiction over a § 2241 petition. Braden was incarcerated in Alabama, and Kentucky officials lodged a detainer against him. Braden wanted Kentucky officials to bring him from Alabama to Kentucky so he could have a speedy trial in Kentucky to dispose of the Kentucky charges. Braden filed his § 2241 petition with the federal district court in Kentucky, which ordered Kentucky officials to bring him from Alabama to stand trial in Kentucky. However, the Fifth Circuit Court of Appeals reversed, stating that the § 2241 petition could be issued only within the district court's respective jurisdiction and that the district court could not issue the writ because Braden's custodian was in Alabama, beyond its limited jurisdiction in Kentucky.

On appeal, the Supreme Court determined that federal district courts located in different states could have "concurrent habeas jurisdiction" over a § 2241 petition. The Court noted that, although Braden was incarcerated in Alabama, Kentucky was the "desirable forum for adjudication" because it was where the material events took place, the records and witnesses pertinent to the claim were located, and was more convenient for the respondents. Id. at 493-94.

> In such a case, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of prisoner's attack on the detainer. Here, for example, the petitioner is confined in Alabama, but his dispute is with the Commonwealth of Kentucky, not the State of Alabama. Under these circumstances it would serve no useful purpose

4

> to apply the Ahrens[ v. Clark, 335 U.S. 188 (1948)] rule and require that the action be brought in Alabama. In fact, a slavish application of the rule would jar with the very purpose underlying the addition of the phrase, "within their respective jurisdictions." We cannot assume that Congress intended to require the Commonwealth of Kentucky to defend its action in a distant State and to preclude the resolution of the dispute by a federal judge familiar with the laws and practices of Kentucky.

Id. at 498-99.

Braden's jurisdictional issue between two sovereigns is analogous to petitioner's instant habeas petition. Braden's detainer lodged by the requesting state upon his distant custodian is factually similar to the Mexican demand to the United States to hold petitioner for extradition. The Jail, like Alabama in Braden, is the local entity responsible for feeding, clothing, and housing petitioner under a contract between it and the Marshals Service. The Marshals Service, like Kentucky in Braden, guarantees petitioner's continued confinement under the authority of the federal court and the Mexican extradition request. Furthermore, the Jail, which is represented by private counsel, is undoubtedly indifferent to the outcome of this matter. Forcing the Jail, which to date had absolutely no involvement with petitioner's criminal or extradition proceedings, to answer petitioner's complex petition does not serve the public's interest to thoroughly and expeditiously resolve this matter.

Moreover, the parties recently recognized that petitioner's true custodian is the United States Marshal for the District of Columbia, in whose care petitioner has been committed since his arrest in 2007. See 28 C.F.R. § 0.111(k) (stating U.S. Marshals Service responsible for "[s]ustention of custody of Federal prisoners from the time of their arrest by a marshal or their remand to a marshal by the court, until the prisoner is committed by order of the court to the custody of the Attorney General for the service of sentence, otherwise released from custody by

the court, or returned to the custody of the U.S. Parole Commission or the Bureau of Prisons.") See also 28 CFR § 0.111a (authorizing the Marshals Service "to transport, surrender, receive and maintain custody of prisoner-witnesses temporarily transferred from or to the United States pursuant to a treaty, executive agreement, or other legal authority"). Therefore, Warden Aylor acts as an agent for Marshal Sloane via both contract and Braden, and the D.C. Circuit Court has concurrent habeas jurisdiction over petitioner's § 2241 petition when Marshal Sloane is joined as a party. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In addition to concurrent habeas jurisdiction, petitioner could have filed, and subsequently did file, a petition with the D.C. District Court because United States Marshal Sloane is located within that court's jurisdiction. Marshal Slone remains the officer responsible for petitioner's custody as ordered by the D.C. District Court. Furthermore, petitioner's counsel practices law in the District of Columbia, was counsel of record for nearly a year of petitioner's extradition proceedings at the D.C. District Court, and appears before this court pro hac vice. The United States' counsel who worked on the extradition, from both the U.S. Department of Justice and the U.S. Attorney's Office for D.C., are located in the District of Columbia. Moreover, counsel for all parties have informed the court of the extraordinary amount of documents not available on a public docket, either because the documents are sealed or because they were so voluminous that they were not digitized. These documents presumably remain in the custody of the D.C. Circuit Court Clerk's Office. Therefore, this matter is best resolved by

the D.C. District Court for its easy access to the relevant records, the practical coordination of D.C. attorneys already knowledgeable in this four-year old litigation, and its ability to both compel petitioner's attendance and grant his relief. Accordingly, in the interests of justice and judicial economy, the court exercises its discretion and orders this action transferred to the D.C. District Court for all further proceedings.

### III.

For the foregoing reasons, the court joins Edwin D. Sloane, the United States Marshal for the District of Columbia, as a respondent and transfers the action to the United States District Court for the District of Columbia.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

**ENTER**: This 24th day of May, 2011.

_____
Senior United States District Judge